## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WILLIE C. CUYLER, JR.,**

     **Plaintiff,**

**vs.**                                         **Case No. 4:13cv472-MW/CAS**

**DEPUTY PAUL PEEBLES,**
**DEPUTY DAVID PARKER,**
**DEPUTY DAN WILLIAMS,**
**and DEPUTY TOBY WARD,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a motion for summary judgment on September 30, 2014. Doc.

26. The motion includes a statement of the undisputed material facts and contends

summary judgment is appropriate as a matter of law. *Id.* The motion was timely filed

and is supported by numerous exhibits. The pro se Plaintiff submitted his own motion

for summary judgment. Doc. 29. Although the motion was filed after the deadline, the

parties were advised that it would be considered. Doc. 30. That Order, doc. 30,

explained the summary judgment procedures pursuant to Rule 56 and Local Rule 56.1,

and the parties were advised to file responses in opposition to the opposing party's

motion for summary judgment on or before November 24, 2015. Only Defendants filed

a response.  Doc.  33.  Accordingly, Defendants' motion for summary judgment, doc.

26, is unopposed.  This Report and Recommendation addresses both motions.

Also notable in this case is the fact that Plaintiff's motion for summary judgment

contains a statement of material facts in which Plaintiff asserts "there exists between the

parties [a] genuine issue as to material facts."  *Id.* at 1.  Should it be found that there is

a genuine issue of material fact, summary judgment could not be granted.

## I.      Legal standards governing a motion for summary judgment

"The court shall grant summary judgment if the movant shows that there *is no*

*genuine dispute as to any material fact* and the movant is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(a) (emphasis added).  Thus, summary judgment is

proper "after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial."  Celotex

Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

material fact."  Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving

party must then show[1] the court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S. Ct. at 2554.

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). A party must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., LTD. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (cited in Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus.

---

[1] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

Co., 475 U.S. at 587 (internal quotation marks omitted) (quoted in Ricci v. DeStefano, 129 S.Ct. at 2677).

"Cross motions for summary judgment do not change the standard." Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 38 (1st Cir. 2007) (quoted in Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co., 541 F. Supp. 2d 1295, 1297 (M.D. Fla. 2008). " 'Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.' " Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 483 F.3d 1025, 1030 (10th Cir. 2007) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)) (quoted in Ernie Haire Ford, Inc., 541 F. Supp. 2d at 1297-98). Because Plaintiff (as the party with the burden of proof) has a heavier burden on summary judgment, the Court will consider the Defendants' motion first.  If Defendants' motion is denied, the Court will consider whether Plaintiff is entitled to judgment as a matter of law.

Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion."  Rule 56.1(A) also provides that the statement "shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  Likewise, Rule 56.1(A) provides that the party opposing the motion

shall serve a similar statement of material facts as to which the party contends there is a genuine issue to be tried, using the same format.  Facts set forth in Defendants' statement will be deemed admitted (if supported by the record evidence) unless controverted by Plaintiff's statement.[2]

## II.    The relevant Rule 56(e) evidence

On August 25, 2011, Deputy Paul Peebles[3] was on patrol when he conducted a traffic stop of a white Nissan vehicle which bore a license tag with the number US DOT 215711, stating it was from "Continental America."  Doc. 26, Ex. 1, pg. 1. (Peebles affidavit, doc. 26-1).[4]  The driver of the vehicle was Plaintiff Willie C. Cuyler, Jr.[5]  *Id.*  Deputy Peebles asked Mr. Cuyler for his vehicle registration and any other documents that would show where the vehicle was registered.  *Id.* at 2.  Mr. Cuyler handed Deputy

---

[2] Plaintiff's filing his own motion for summary judgment did not relieve Plaintiff of the obligation to specifically challenge any facts in Defendants' statement of undisputed facts that he does not wish to admit.  *See* Beard v. Banks, 548 U.S. 521, 527, 126 S.Ct. 2572, 2577, 165 L.Ed.2d 697 (2006) (noting that "by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [the plaintiff] is deemed to have admitted the validity of the facts contained in the [Defendant's] statement" of facts, submitted in Defendant's motion for summary judgment).  Plaintiff's summary judgment motion, doc. 29, does not contain a proper statement of facts, nor does it cite to any evidence in the record.  Plaintiff's statements are conclusory assertions of law such as Defendants "took actions that violated my Fourth Amendment constitutional rights."  Doc. 29 at 2.  Plaintiff also asserted that there "was no probable cause for me being arrested . . . ."  *Id.*  Those legal assertions are not statements of fact.

[3] All Defendants were employed by the Jefferson County Sheriffs Office and were on routine patrol at the time of the events in question in this case.

[4] A photograph of the tag has been submitted as an attachment to Deputy Peebles' affidavit.  Doc. 26-1 at 7.

[5] Mr. Cuyler was identified by his Florida driver's license which listed his address as: 1230 E. Rocky Branch in Monticello, Florida.  *See* doc 26-1 at 8, 10; doc. 26, Ex. 5.

Peebles a document titled, "Public Notice of Reservation of Rights" and a U.S. Department of Transportation document[6] "which set forth the same Department of Transportation number that was on the tag affixed to the white Nissan being driven by Willie C. Cuyler, Jr." *Id.*  Deputy Peebles advised Mr. Cuyler that "his vehicle needed to be legally registered in the State in which he lived and that the Department of Transportation number did not take the place of a valid state license plate." *Id.*  Deputy Peebles further advised Mr. Cuyler that "it was illegal to place a tag on a car if it is not lawfully issued to that car." *Id.*  Mr. Cuyler became "very agitated and began to complain that he was being held illegally." *Id.*

Deputy Peebles contacted dispatch at the Sheriff's Office and provided the vehicle identification number of the white Nissan being driven by Mr. Cuyler.  Doc. 26, Ex. 1, at 2.  Dispatch advised that the vehicle's registration had expired a month earlier, on July 25, 2011.  *Id.*  Mr. Cuyler was placed under arrest for attaching an improper

---

[6] The "Public Notice of reservation of rights" was attached as an exhibit to Deputy Peebles' affidavit.  Doc. 26-1 at 5.  It contains the purported signature of Willie C. Cuyler, Jr., and was dated April 27, 2011.  *Id.*  The Department of Transportation document was also attached to Deputy Peebles' affidavit.  *Id.* at 6.  It is a letter addressed to: "Peter El Bey, President, Peter El Bey" with an address of 1230 East Rocky Branch Road, Monticello, Florida 32344.  *Id.*  The letter notifies Peter El Bey of the assigned USDOT identification number (2157111) "for use in registering your commercial motor vehicles."  *Id.*  The address on that letter is the address which was listed for Mr. Cuyler on the Florida Uniform Traffic Citation.  *Id.* at 8.

license plate to the vehicle he was driving in violation of FLA. STAT. § 320.261,[7] which is a second degree misdemeanor.  *Id.*

Deputy David Parker was on patrol that same evening[8] and was behind Deputy Peebles when he initiated the traffic stop of Mr. Cuyler.  Doc. 26, Ex. 2 at 1 (Parker affidavit, doc. 26-2).  Deputy Parker also stopped, exited his vehicle, and approached the passenger side door of Mr. Cuyler's vehicle "to provide backup for Deputy Peebles." *Id.*  Deputy Parker was aware that Mr. Cuyler was arguing with Deputy Peebles, but could not hear what Mr. Cuyler was saying.  *Id.*  Deputy Peebles advised Deputy Parker that he was placing Mr. Cuyler under arrest.  *Id.*  By that time, Mr. Cuyler's father, Willie C. Cuyler, Sr., had arrived on the scene.  Doc. 26, Ex. 1, at 2; doc. 26, ex. 2 at 2.  The actions of Mr. Cuyler, Sr., required the attention of Deputy Peebles, so Deputy Parker was asked to transport Mr. Cuyler, Jr., to the Jefferson County Jail.  Doc. 26, Ex. 2 at 2.  Deputy Parker avers in his affidavit that he did not arrest Mr. Cuyler or make a probable cause determination concerning his arrest.  *Id.*  His only involvement was to transport Mr. Cuyler to the Jail at the request of Deputy Peebles.  *Id.*

Deputy Toby Ward was on patrol when he heard over the "patrol radio that Deputy Paul Peebles had initiated a traffic stop."  Doc. 26, Ex. 4 (Ward affidavit, doc.

---

[7] The statute provides: "Any person who knowingly attaches to any motor vehicle or mobile home any registration license plate, or who knowingly attaches any validation sticker or mobile home sticker to a registration license plate, which plate or sticker was not issued and assigned or lawfully transferred to such vehicle, is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."  FLA. STAT. § 320.261 (2011).

[8] The traffic citation given to Mr. Cuyler shows it was issued at 10:21 p.m. on Thursday, August 25, 2011.  Doc. 26-1 at 8 (attachment to Deputy Peebles' affidavit).

26-4).  Deputy Ward "proceeded to the location of the traffic stop . . . to provide backup for Deputy Peebles."  *Id.*  Deputy Ward reviewed several documents which Mr. Cuyler, Sr., provided, but "had no involvement in the decision to arrest Willie C. Cuyler, Jr."  *Id.* Deputy Ward did not arrest Mr. Cuyler, nor did he transport him to the jail.  *Id.*

Deputy Dan Williams was also on patrol that evening and observed the vehicles stopped.  Doc. 26, Ex. 3 Williams affidavit, doc. 26-3).  Deputy Williams parked his "patrol vehicle across the street from where the cars were located, but did not activate [his] emergency lights."  *Id.*  Deputy Williams approached the scene to determine if backup assistance was needed.  *Id.* at 2.  Deputy Toby Ward was looking at the documents which Mr. Cuyler, Sr., had provided.  *Id.*  Deputy Williams "attempted to read the documents over Deputy Ward's shoulder."  *Id.*  However, he did not arrest Mr. Cuyler, participate in the decision to arrest him, nor did Deputy Williams transport Mr. Cuyler to the jail.  *Id.*

Defendants submitted a copy of the Booking Summary which reveals Mr. Cuyler was arrested by Deputy Peebles.  Doc. 26, Ex. 5 (doc. 26-5).  He was charged with "attach improper license plate" and booked at the jail at 1:07 a.m. on August 26, 2011. *Id.*  He was released on $250.00 bond at 9:20 a.m. on August 26, 2011.[9]  *Id.*

---

[9] Incidentally, the signature of Plaintiff Willie Cuyler, Jr., on the "Notice of Court Date," doc. 26-5 at 5, and "Conditions of Release," doc. 26-5 at 3, does not appear to be the same signature of the Plaintiff as used in this case.  *See* doc. 6 at 6, doc. 29 at 3. This issue is noted because it is questionable whether Willie Cuyler, Jr., or Willie Cuyler, Sr., is litigating this case.  Previously, another action sought to be initiated concerning this same arrest by both Mr. Cuyler, Jr., and Mr. Cuyler, Sr.  *See* case number 4:12cv453.  That case was ultimately dismissed when the filing fee was not paid.  Docs 12-13 of that case.  Moreover, the requests for next friend representation by Mr. Cuyler, Sr., as filed in this case, *see* docs. 15 and 20, were denied.  Docs. 18, 21.

Mr. Cuyler received a notice of a court date of October 5, 2011.  Doc. 26, Ex. 5;

*see also* doc. 26-1 at 8.  On February 7, 2012, it was determined that he completed the

terms and conditions of supervision and a "No Information" was entered on April 22,

2012, stating: "Pretrial Intervention Completed."  Doc. 26, Ex. 6.

## III.   Analysis

Mr. Cuyler asserts a false arrest claim under 42 U.S.C. § 1983 against all four

Defendants for violating his Fourth Amendment rights.  Doc. 6 at 6.  "A claim for false

arrest arises when an arrest occurs without a warrant and without probable cause."

Harris v. Goderick, No. 13-12253, 2015 WL 1812769, at *3, — F.App'x — (11th Cir. Apr.

22, 2015) (citing Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010).   The

"existence of probable cause at the time of arrest serves as an absolute bar to a false

arrest claim."  Harris, 2015 WL 1812769, at *3 (citing Brown, 608 F.2d at 734).

"Probable cause exists where the facts within the collective knowledge of law

enforcement officials, derived from reasonably trustworthy information, are sufficient to

cause a person of reasonable caution to believe that a criminal offense has been or is

being committed."  Madiwale v. Savaiko, 117 F.3d 1321, 1324 (11th Cir. 1997) (cited in

Brown, 608 F.3d at 734).

In this case, Deputy Peebles observed Mr. Cuyler driving a vehicle which did not

display a valid license plate as required by the State of Florida.  Instead, the tag which

was affixed to the vehicle was for the "Continental America" and listed "USDOT

---

Notwithstanding, the motions for summary judgment are due for ruling and this case
should be resolved.

2157111." *See* doc. 26-1 at 7.  When Mr. Cuyler was asked to produce his vehicle

registration or some other document that would show where the vehicle was registered,

Mr. Cuyler handed Deputy Peebles a document titled, "Public Notice of Reservation of

Rights" and a U.S. Department of Transportation letter.  Neither of those documents

were proper registrations.  Furthermore, Deputy Peebles was advised from dispatch

that the vehicle's registration was expired.  Deputy Peebles had probable cause to

arrest Mr. Cuyler for a violation of § 320.261.[10]  Summary judgment should be granted

in favor of Deputy Peebles.  Moreover, because Deputies Ward, Parker, and Williams

did not participate in the arrest of Mr. Cuyler, summary judgment should be granted in

their favor as well.

To the degree Mr. Cuyler also asserts a conspiracy claim against the Deputies,

that claim is insufficient because Mr. Cuyler has not shown "an underlying actual denial"

of his constitutional rights.  Bennett v. Hendrix, 325 F. App'x 727, 737 (11th Cir. 2009)

(quoting GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1370 (11th Cir.

1998)).  Moreover, the "intracorporate conspiracy doctrine holds that acts of corporate

agents are attributed to the corporation itself, thereby negating the multiplicity of actors

necessary for the formation of a conspiracy.  McAndrew v. Lockheed Martin Corp., 206

F.3d 1031, 1036 (11th Cir. 2000) (en banc) (quoted in Grider v. City of Auburn, 618 F.3d

1240, 1261 (11th Cir. 2010)).  The doctrine provides that a "corporation cannot conspire

---

[10] "Under Florida law, it is a second degree misdemeanor to knowingly attach a registration license plate to a vehicle other than the one to which it was assigned." Pierre v. Gruler, No. 3:06-CV-45-J-32JRK, 2009 WL 383352, at *6 (M.D. Fla. Feb. 16, 2009) (citing Fla. Stat. § 320.261 and concluding that there was "arguable probable cause for Pierre's arrest").

with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves."  McAndrew, 206 F.3d at 1036 (quoted in Grider, 618 F.3d at 1261).  The doctrine has been extended beyond the world of corporations, and applies to public entities such as a city and its employees, Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (holding that where the "only two conspirators identified" were both city employees, the intracorporate conspiracy doctrine barred plaintiffs' § 1985 conspiracy claims) (citing Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 768 (11th Cir. 2000); *see also* Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010) (stating that "intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization"), and also applies to claims alleging a conspiracy by sheriff deputies. Detris v. Coats, 523 F. App'x 612, 615 (11th Cir. 2013) (stating that "the intracorporate conspiracy doctrine prohibits a § 1983 claim against law enforcement officers in their individual capacities) (citing Grider, 618 F.3d at 1261-62)).

Finally, Plaintiff seeks to bring a claim under 18 U.S.C. § 241[11] and § 18 U.S.C.

§ 242.[12]  Those are criminal statutes and "private citizens cannot prosecute criminal

actions."  Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995) (citing Cok v. Cosentino, 876

F.2d 1, 2 (1st Cir.1989) (per curiam) (noting that "[o]nly the United States as prosecutor

---

[11] This statute provides:

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 241.

[12] In relevant part, this statute provides:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . ."

18 U.S.C.A. § 242.

can bring a complaint under 18 U.S.C. 241-242").  Summary judgment should be granted in favor of the Deputies on these claims as well.

As summary judgment should be granted in Defendants' favor on all claims, it is recommended that Plaintiff's motion for summary judgment be denied.  There is no genuine dispute of material fact which remains to be tried.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' unopposed motion for summary judgment, doc. 26, be **GRANTED** on all claims, and judgment entered in Defendants' favor.  It is further **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 29, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2015.


 S/     Charles A. Stampelos            
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**